IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02849-KLM

SHELLY LYNN ORTIVEZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on Plaintiff's **Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412** [#27][2], (the "Motion"). Defendant filed a Response [#28] and Plaintiff filed a Reply [#29] in further support of the Motion. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#27] is **GRANTED**.

**I. Factual and Procedural Background**

Plaintiff alleges that she became disabled on July 13, 2005 due to mental health

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See generally Consent Form* [#21].

[2] "[#27]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

issues. Tr. 98, 27-28.[3]  On May 23, 2012, Plaintiff filed for Title XVI supplemental security income.  Tr. 98-105.  On May 10, 2013, a hearing was held before Administrative Law Judge William Musseman (the "ALJ").  Tr. 24-32.  On June 11, 2013, the ALJ entered his Decision, finding that Plaintiff was "not disabled under section 1614(a)(3)(A) of the Social Security Act."  Tr. 20.  Plaintiff appealed to the Appeals Council, which denied her request for review of the ALJ's decision.  Tr. 1-9.  Therefore, the ALJ's decision became a final decision of the Commissioner for purposes of judicial review.  20 C.F.R. §§ 416.1481.  Plaintiff subsequently filed this lawsuit challenging the ALJ's decision.  On November 23, 2014, the undersigned entered an Order reversing the ALJ's decision and remanding this case for further proceedings.  *Order* [#23] at 17.  Specifically, with regard to the weight to be given to certain doctors' opinions, the Court found that "the ALJ properly considered consistency when he explained his reasons for not giving greater weight to the opinions of Dr. Madsen and Dr. Rodriguez. Tr. 17-18."  *Id.* at 14.  However, "[w]hile the ALJ properly noted the consistency issue, he did not identify any portions of each of the experts' opinions he found to be inconsistent with the treatment records.  Instead, he provided a detailed summary of the treatment records that supported his RFC."  *Id.*  The Court found this to be error:

> Here, the ALJ provided a thorough review of the portions of Plaintiff's treatment records that he considered, but he did not specifically link those records to the three opinions. The Court finds this to be error. Without the necessary findings, the Court must remand because proper review is not possible. *Watkins*, 350 F.3d at 1300 ("We must remand because we cannot

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 9-1, 9-2, 9-3, 9-4, 9-5, 9-6, and 9-7, by the sequential transcript numbers instead of the separate docket numbers.  When referring to the Motion, Response, Reply, and the Court's November 17, 2014 Order [#23] (the "Order"), the Court refers to the docket numbers.

properly review the ALJ's decision without these necessary findings.").

*Id.* at 16. The Court then explained why remand was necessary:

> The Court notes that the ALJ rejected Dr. Sexton's finding that Plaintiff "requires no frequent or prolonged contact with co-workers," explaining that "claimant's difficulty thinking is accounted for by limiting her to work with an SVP of 2 or less and involving only simpl[e], rote and repetitive tasks." Tr. 19. However, this explanation of the ALJ's reason for not including this limitation in the RFC does not provide the Court any information to support his decision to afford the opinions of Dr. Madsen and Dr. Rodriguez less weight.
>
> The Court cannot conclude that the ALJ's error was harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir.2004) (concluding that, with certain "caveats, it . . . may be appropriate [in Social Security appeals] to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). While the ALJ provided a thorough summary of Plaintiff's treatment records from Spanish Peaks, he did not link any part of that summary to the medical opinions.

*Id.* The Court entered Final Judgment in favor of Plaintiff on November 17, 2014. *Final Judgment* [#24] at 1.

In the instant Motion, Plaintiff seeks $5,913.51 in attorneys' fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). *Motion* [#27] at 1. In support of her Motion, Plaintiff argues that: (1) she is the prevailing party in this action; (2) her net worth did not exceed $2,000,000 at the time the action was filed; (3) there are no special circumstances in this case; and (4) Defendant's position was not substantially justified. *Id*. at 2. Plaintiff's attorney submitted an affidavit, [#27] at 5-9, in support of the specific amount requested.

In her Response, Defendant argues that her position was substantially justified. *See generally Response* [#28]. Specifically, Defendant notes that pursuant to the EAJA, "[t]je

substantial justification test is simply one of reasonableness in law and fact." *Response* [#28] at 2 (citations omitted). This is different from the substantial evidence standard under the Social Security Act. *Id.* Defendant maintains that its position in the case was substantially justified. *Id.* at 3-5. She notes that "the Court found the ALJ erred because—even though he 'provided a thorough review of the portions of Plaintiff's treatment records that he considered'—'he did not specifically link those records to the three opinions' (Order at 15-16)." *Id.* at 4. Defendant argues that "although the Court was not ultimately persuaded by the Commissioner's position regarding the medical source opinions," her position was "reasonable in fact and law." *Id.* She provides case law to support her position that "reasonable minds can differ" with regard to the ALJ's analysis and therefore argues that her position was substantially justified. *Id.* at 5.

In her Reply, Plaintiff argues that Defendant's position was not substantially justified because the ALJ failed to explain the inconsistencies in the medical records and the doctors' opinions. *Reply* [#29] at 5. Plaintiff distinguishes the cases cited by Defendant by arguing that while an "ALJ can give greater weight to an opinion that is consistent with the record, and less weight to one that is not consistent," this principle "misses the point of" this specific case. *Id.* at 4. Plaintiff avers that this "does nothing to establish the reasonableness of the ALJ's failure to explain what the specific inconsistencies were." *Id.* at 5. Plaintiff further argues that Defendant fails to meet her burden to show that her action and the actions of the ALJ were reasonable because she "did not offer any reason why the ALJ's failure to link the treatment records to any specific inconsistencies in the medical opinion should be excused as being reasonable or justified." *Id.* at 6 (emphasis omitted). Plaintiff also provides information about fees incurred in filing the Reply. *Id.* at 8-9. As a

result, she seeks attorney's fees totaling $6,669.23 in this case. Id. at 9.

## II. Standard

Under the EAJA, a party who prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). As ample case law indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), he is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Further, the Commissioner does not assert any special circumstances that would make an award of fees unjust. Accordingly, the only issue in dispute in this case is whether Defendant's position was substantially justified.

The Commissioner bears the burden of demonstrating that her position was substantially justified—a test that, in this Circuit, "means h[er] position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person." *Harrold v. Astrue*, 372 F.App'x 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations omitted). "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified." *Id*. Further, EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

## III. Analysis

In the instant case, Plaintiff argued, among other things, that the ALJ erred in giving

more weight to the nonexamining doctor's opinion than he did to the two examining doctors' opinions. As explained in the Order,

> all medical opinions must be weighed as outlined in 20 C.F.R. § 416.927(c). This provision requires an ALJ to consider: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. 20 C.F.R. §416.927(c). Notably, the ALJ need not discuss each individual factor. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Nevertheless, the ALJ must consider every factor in determining the weight to assign a medical opinion, and "give good reasons in the notice of determination or decision for the weight he ultimately assigns the opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation marks, internal brackets, and citation omitted). Many of these factors do not play a significant role in this case because the two examining doctors each had limited interactions with Plaintiff and all three professionals specialize in mental healthcare. However, the ALJ properly considered consistency when he explained his reasons for not giving greater weight to the opinions of Dr. Madsen and Dr. Rodriguez. Tr. 17-18.
>
> While the ALJ properly noted the consistency issue, he did not identify any portions of each of the experts' opinions he found to be inconsistent with the treatment records. Instead, he provided a detailed summary of the treatment records that supported his RFC.

*Order* [#23] at 13-14. The Court went on to explained that "the ALJ provided a thorough review of the portions of Plaintiff's treatment records that he considered, but he did not specifically link those records to the three opinions. The Court finds this to be error. Without the necessary findings, the Court must remand because proper review is not possible." *Id.* at 16.

The Court, therefore, concluded that the ALJ failed to "articulate specific, legitimate reasons consistent with the factors in 20 C.F.R. § 416.927(c)(1)-(6) for rejecting the

opinions of" Dr. Madsen and Dr. Rodriguez. *Bowers v. Colvin*, No. 13-cv-01428-MSK, 2015 WL 333060, at *2 (D. Colo. Jan. 23, 2015) (granting EAJA fees to the plaintiff). This fundamental legal error was unreasonable and, thus, Defendant's position was not substantially justified. As a result, the Court finds that Plaintiff is entitled to EAJA fees.

Plaintiff seeks a total of $5,913.51 in attorneys' fees for 31.1 hours of work performed by her attorneys at an hourly rate of $188.93 per hour. *Motion* [#27] at 7-8. Defendant does not dispute the reasonableness of the fees requested. To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The EAJA provides: "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "The Court has significant discretion to determine the appropriate hourly rate for an award of fees under the EAJA." *Moreno-Gutierrez v. Napolitano*, No. 10-cv-00605-WJM-MEH, 2013 WL 3233574 at *7 (D. Colo. June 26, 2013) (citing *Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir. 1989)). This Court routinely grants cost of living adjustments to attorneys' fees petitions under the EAJA. *See id.* (finding that "an hourly rate of $180 per hour takes into account both Plaintiff's counsel's expertise in the immigration field and the increase in the cost of living"); *see also Gallegos v. Colvin*, No. 12-cv-02978-REB, 2014 WL 4968300, at

\*2 (D. Colo. Oct. 6, 2014) (awarding EAJA fees at hourly rate of $186.36 in case in which the "Commissioner presents no argument that the . . . fees requested are unreasonable."); *Hanson Colo. Farms P'ship v. Vilsack*, No. 11-cv-00675-RPM, 2012 WL 4336174 at \*4 (D. Colo. Sept. 21, 2012) (where defendants did not dispute plaintiff's cost of living adjustment, "it may be assumed that $184.23 is an appropriate hourly rate under the EAJA"); *Cross v. Colvin*, No. 12-cv-03310-REB, 2014 WL 5002094 at \*2 n.5 (D. Colo. Oct. 6, 2014) ("Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA") (citation omitted). Taking into account the hourly rate approved by this Court in similar cases and that fact that Defendant does not dispute Plaintiff's requested cost of living adjustment, the Court finds a rate of $188.93 to be reasonable. The Court finds that the hours claimed are also reasonable.

The Court also determines that it is appropriate to award the amount of fees incurred in drafting Plaintiff's Reply in this matter. *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under the EAJA may include the fees incurred in litigating the fee dispute itself); *Sollers v. Colvin*, No. 13-cv-02258-WJM, 2015 WL 140613, at \*2 (D. Colo. Mar. 24, 2015) (awarding fees incurred in drafting reply brief in support of EAJA fees motion). Thus, as requested by Plaintiff, the total fee award will be $6,669.23.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#27] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that Defendant shall pay Plaintiff **$6,669.23** in attorneys'

fees under the EAJA.

        Dated: July 22, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge